IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AARON SANDERS, and JULIE SANDERS, Individually and as Next Friends of E.S., a Minor; J.S.; a Minor, W.S., a Minor, and A.S., a Minor, § § § § § **Plaintiffs,** § § v. § § **POLARIS INDUSTRIES, INC.;** § **POLARIS INDUSTRIES, INC.; and** § **POLARIS SALES INC.,** § § **Defendants.** | CIVIL ACTION NO. _____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Aaron Sanders and Julie Sanders, both Individually and as Friends of their minor children, E.S., J.S., W.S., and A.S., and hereby file this Original Complaint against Defendants Polaris Industries, Inc., Polaris Industries, Inc., and Polaris Sales, Inc., collectively herein referred to as "Defendants" or "Polaris". In doing so, Plaintiffs respectfully show the Court the following:

### I.
### PARTIES

1.01  Plaintiff Aaron Sanders is a citizen and resident of Lampasas, Lampasas County, Texas. Mr. Sanders is the biological father of minors E.S., J.S., W.S., and A.S.

1.02  Plaintiff Julie Sanders is a citizen and resident of Lampasas, Lampasas County, Texas. Mrs. Sanders is the biological mother of minors E.S., J.S., W.S., and A.S.

1.03    At the time of the crash at issue, Plaintiff E.S., a minor, was a citizen and resident of Lampasas, Lampasas County, Texas. Plaintiff is the biological son of Aaron and Julie Sanders.

1.04    At the time of the crash at issue, Plaintiff J.S., a minor, was a citizen and resident of Lampasas, Lampasas County, Texas. Plaintiff is the biological son of Aaron and Julie Sanders.

1.05    At the time of the crash at issue, Plaintiff W.S., a minor, was a citizen and resident of Lampasas, Lampasas County, Texas. Plaintiff is the biological son of Aaron and Julie Sanders.

1.06    At the time of the crash at issue, Plaintiff A.S., a minor, was a citizen and resident of Lampasas, Lampasas County, Texas. Plaintiff is the biological son of Aaron and Julie Sanders.

1.07    Defendant Polaris Industries, Inc., ("Polaris Industries"), is a Minnesota corporation with its principle place of business in Medina, Minnesota. Polaris Industries does business in Texas and is subject to personal jurisdiction in Texas. Although it engages in business in this state, it does not maintain a regular place of business in this state or a designated agent for service of process. This case arises from Polaris Industries' business in Texas. Accordingly, service may be made by duplicate copies of process on the Texas Secretary of State, and the Texas Secretary of State forwarding a copy of the process by registered mail or by certified mail, return receipt requested, to Polaris Industries' home office: <u>Scott W. Wine, Chief Executive Officer, POLARIS INDUSTRIES, INC., 2100 Highway 55, Medina, Minnesota 55340</u>.

1.08    Defendant Polaris Industries, Inc. ("Polaris of Delaware") is a Delaware corporation with its principal place of business in Minnesota. Polaris of Delaware does business in Texas and is subject to personal jurisdiction in Texas. It may be served with process through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

1.09  Defendant Polaris Sales, Inc. ("Polaris Sales") is a Minnesota corporation with its principal place of business in Minnesota. Polaris Sales does business in Texas and is subject to personal jurisdiction in Texas. It may be served with process through its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.
## VENUE AND JURISDICTION

2.01  Since complete diversity of citizenship exists between the parties, and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000), exclusive of interest and costs, this court has diversity jurisdiction under 28 U.S.C. 1332.

2.02  Venue is proper in the Western District of Texas, pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omission giving rise to the claim occurred in Lampasas County, Texas, which is in the Western District—Austin Division. Plaintiffs would show that the product ("Vehicle") made basis of this suit was purchased through Hoffpauir Incorporated, which is headquartered in Lampasas, Lampasas County, Texas. Additionally, Plaintiffs are residents of Lampasas County.

## III.
## FACTUAL BACKGROUND

3.01  The incident made basis of this suit involves a family riding in an off-road vehicle while vacationing in Colorado. On or about September 16, 2020, Aaron Sanders was operating his 2017 Polaris Ranger XP 1000, VIN No. 4XARUE993H8030153, herein after referred to as "the Ranger" or "the Vehicle," on County Road 9A in San Juan County, Colorado.



3.02    Riding in the Ranger at the time was his wife Julie, and their four minor children: E.S., J.S., W.S., and A.S. The Ranger is a six (6) occupant vehicle. The position of each occupant at the time of the incident made basis of this suit is as follows:



3.03    Everyone in the Ranger was belted, and all but Mr. Sanders were wearing a helmet. While attempting to navigate a slight curve in the roadway, the vehicle drifted to right and the passenger-side tires slid off the road. Mr. Sanders applied the brakes and attempted to steer the Ranger back onto the roadway. However, the brakes failed to engage and the steering system failed to direct the Ranger back on to the road. The Ranger completely left the roadway and rolled several times down the side of the hill, for approximately 200ft, and over an 18ft cliff before landing upright on County Road 2.



As a result of this horrific incident, Plaintiffs suffered serious injuries.

**IV.**
**STRICT LIABILITY AND NEGLIGENCE CLAIMS AGAINST DEFENDANTS**

4.01    The Vehicle at issue in this suit was designed, tested, manufactured, constructed, marketed, distributed, sold and/or placed into the stream of commerce by and through the agents and/or representatives of Polaris.

4.02    Polaris was regularly engaged in the business of supplying or placing products, like the Vehicle in question, in the stream of commerce for use by the consuming public, including Plaintiffs.  Further, such conduct was solely for commercial purposes.

4.03    The Vehicle in question remained unchanged from the time it was originally manufactured, distributed and sold by Polaris until it reached Plaintiffs and ultimately led to their injuries.  Stated another way, the Vehicle in question was defective and in an unreasonably dangerous condition at all times until it ultimately caused the injuries and damages asserted herein.

4.04    At the time the Vehicle was placed into the stream of commerce, it was, or should have been, reasonably expected and foreseeable that the Vehicle would be used by persons such as Plaintiffs in the manner and application in which it was being used at the time Plaintiffs suffered their injuries.

4.05    There were no mandatory safety standards or regulations adopted and promulgated by the federal government or an agency of the federal government that were applicable to the Vehicle at the time of manufacture and that governed the product risk that allegedly caused harm. Alternatively, the design of the Vehicle did not comply with mandatory safety standards or regulations adopted by the federal government that were applicable to the vehicle model at the time of the manufacture and governed the risks that caused Plaintiffs' injuries.  Again, in the alternative, in the event that such standards were in effect, and they were complied with, they were nonetheless inadequate to protect the public from unreasonable risks of injury or danger, or the manufacturer, before or after marketing the Vehicle, withheld or misrepresented the information or material irrelevant to the federal governments or agencies determination of adequacy of the safety standards or regulations at issue in the action.

4.06    With respect to the design of the Vehicle, at the time it left the control of Polaris, there were safer alternative designs.  Specifically, there were alternative designs that, in reasonably probability, would have prevented or significantly reduced the risk of injury to Plaintiffs.  Furthermore, such safer alternative designs were economically and technologically feasible at the time the product left the control of Polaris by the application of existing or reasonably achievable scientific knowledge.

4.07    At the time the Vehicle left the Polaris' control, it was defective and unreasonably dangerous in that it was not adequately designed, manufactured, or marketed to minimize the risk of injury.  By way of example and without limitation, the product in question was unreasonably and dangerously defective in the following ways:

- a.    the brake system was defectively designed, manufactured, and marketed because it failed to engage during the reasonable and foreseeable use of the Vehicle resulting in a foreseeable accident;

- b.    the steering system defectively designed, manufactured, and marketed because it failed to engage during the reasonable and foreseeable use of the vehicle resulting in a foreseeable accident;

- c.    failing to incorporate an emergency braking system; and

- d.    the warnings and instructions for the Vehicle were inadequate.

4.08    The above unreasonably dangerous defects in the Vehicle in question were the proximate and producing cause of Plaintiffs' injuries and damages.

4.09    Polaris breached its duty of care and was thus negligent by:

- a.    designing, marketing, and distributing the Polaris Ranger XP 1000 model with a design standard that was intended to meet the minimum government regulations, instead of safely designing the vehicle to reasonably minimize injuries in foreseeable accidents;

- b.    failing to adequately monitor the performance of Defendants' vehicles in the field to ensure that they were reasonably minimizing injuries in foreseeable accidents;

    c.      failing to adequately test the Polaris Ranger XP 1000 model to ensure that it would be reasonably safe in foreseeable accidents;

    d.      failing to adequately design and test the brake system for the Polaris Ranger XP model to ensure that it would perform as intended and would be reasonably safe during a foreseeable use;

    e.      failing to design the braking system in compliance with Federal Motor Vehicle Safety Standards;

    f.      failing to adequately design and test the emergency brake system for the Polaris Ranger XP model to ensure that it would perform as intended and would be reasonably safe during a foreseeable use;

    g.      failing to design the emergency braking system in compliance with Federal Motor Vehicle Safety Standards;

    h.      failing to adequately design and test the Polaris Ranger XP 1000 model's steering system to ensure that it would perform as intended and be reasonably safe during foreseeable use;

    i.      designing and manufacturing the Polaris Ranger XP 1000 model's braking and/or steering systems that were defective and dangerous;

    j.      failing to provide adequate warnings and instructions with the Polaris Ranger XP 1000 model;

    k.      failing to provide adequate post-sale warnings, recalls or retrofits after Polaris knew, or should have known, that the Polaris Ranger XP 1000 model was defective and unreasonably dangerous;

    l.      failing to design the steering system in compliance with Federal Motor Vehicle Safety Standards; and

    m.      failing to recall, retrofit, or issue post-sale warnings after Defendants knew, or should have known, that the Polaris Ranger XP 1000 model was defective and unreasonably dangerous.

4.10    The above-listed negligent acts and/or omissions were a proximate and producing cause of the injuries and damages alleged by Plaintiffs.

## V.
## DAMAGES

5.01     As a proximate result of the negligence of Defendants described above, Plaintiffs Aaron Sanders and Julie Sanders, both individually and as Next friends of E.S., J.S., W.S., and A.S., are entitled to bring this cause of action for all damages suffered as a result of the injuries sustained in the incident made basis of this suit, including but not limited to:

      a.     Past and future medical expenses;

      b.     Past and future lost wages;

      c.     Past and future pain and suffering;

      d.     Past and future mental anguish;

      e.     Past and future disfigurement; and

      f.     Past and future impairment.

5.02     Plaintiffs were all witnesses to what occurred to one another in during this horrific incident. Each were in close proximity to one another and had sensory observations of their horrific injuries. Accordingly, each are entitled to recover mental anguish damages as a bystander to the injuries suffered by their family members involved in this incident.

## VI.
## EXEMPLARY DAMAGES

6.01     Plaintiffs allege that each and every negligent act or omission of Polaris and its agents, as set forth above, when viewed objectively from the standpoint of policymakers, involved an extreme degree of risk, considering the probability and magnitude of the physical harm to others and that Polaris had actual subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety or welfare of Plaintiffs and other passengers like them and as such, such conduct amounts to gross negligence or malice, as those terms are defined

by law, so as to give rise to an award of exemplary or punitive damages, for which Plaintiffs now plead against Polaris. Additionally, by reason of such conduct, Plaintiffs are entitled to and therefore assert a claim for punitive and exemplary damages in an amount sufficient to punish and deter Polaris, and other corporations like it, from such conduct in the future.

## VII.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

7.01    Plaintiffs claim pre-judgment and post-judgment interest at the maximum rate allowed by law.

## VIII.
### JURY DEMAND

8.01    Plaintiffs respectfully request that the Court impanel a jury to decide all fact issues in this case.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer this Complaint and that upon final hearing, Plaintiffs recover judgment against Defendants for their damages as they appear at trial hereof together with costs of court, prejudgment and post-judgment interest, and for such general and equitable relief as Plaintiffs may be entitled.

Respectfully Submitted,

*/s/ James L. Mitchell*
**JAMES L. MITCHELL**
State Bar No. 14214300
Jim@PayneMitchell.com
**ANDREW S. BULLARD**
State Bar No. 24104622
abullard@paynemitchell.com

                                     **PAYNE MITCHELL LAW GROUP**
3500 Maple Avenue, Suite 1250
Dallas, Texas 75219
214/252-1888 Telephone
214/252-1889 Facsimile

ATTORNEYS FOR PLAINTIFF