## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Nina Y. Wang

Civil Action No. 21-cv-02055-NYW-MEH

AARON SANDERS, individually and as next friend of E.S., a minor; J.S., a minor; W.S., a minor; and A.S., a minor; and
JULIE SANDERS, individually and as next friend of E.S., a minor; J.S., a minor; W.S., a minor; and A.S., a minor;

      Plaintiffs,

v.

POLARIS INDUSTRIES, INC.,
POLARIS INDUSTRIES, INC., and
POLARIS SALES INC.,

      Defendants.

## ORDER ON MOTION TO DISMISS

This matter is before the Court on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion" or "Motion to Dismiss") [Doc. 35]. Upon review of the Motion and the related briefing, the applicable case law, and the entire case file, the Court concludes that oral argument will not materially assist in the resolution of this matter. For the reasons set forth herein, the Motion to Dismiss is respectfully **DENIED**.

### BACKGROUND

The Court draws the following facts from Plaintiffs' First Amended Complaint (the "Amended Complaint") [Doc. 31] and presumes they are true for purposes of the Motion to Dismiss. On or about September 16, 2020, Plaintiff Aaron Sanders was operating an off-road vehicle—a Polaris Ranger—in San Juan County, Colorado. [Doc. 31 at ¶ 4.01]. Plaintiff Julie Sanders, as well as Plaintiffs' four minor children, were passengers in the vehicle. [*Id.* at ¶ 4.02].

All passengers in the vehicle wore seatbelts, and all passengers, with the exception of Mr. Sanders, wore a helmet. [*Id.* at ¶ 4.03]. As Mr. Sanders "attempt[ed] to descend a steep hill," the vehicle's brakes malfunctioned, resulting in the vehicle gaining speed during the descent. [*Id.*]. The vehicle "completely left the roadway and rolled several times down the side of the hill, for approximately 200ft, and over an 18ft cliff before landing upright." [*Id.*]. Plaintiffs allege that as a result of this incident, they have suffered serious injuries. [*Id.*].

Plaintiffs allege that Defendants—Polaris Industries, Inc., Polaris Industries, Inc.,[1] and Polaris Sales, Inc. (collectively, "Polaris" or "Defendants")—"designed, tested, manufactured, constructed, marketed, distributed, sold and/or placed [the vehicle] into the stream of commerce by and through the agents and/or representatives of Polaris." [*Id.* at ¶ 5.01]. According to Plaintiffs, "[a]t the time the Vehicle left Polaris'[s] control, it was defective and unreasonably dangerous in that it was not adequately designed, manufactured, or marketed to minimize the risk of injury." [*Id.* at ¶ 5.07]. Specifically, Plaintiffs assert that the vehicle's brake system was defectively designed, manufactured, and marketed; the vehicle failed to incorporate an emergency braking system; and the warnings and instructions for the vehicle "were inadequate." [*Id.*]. Plaintiffs similarly allege that Defendants breached their duty of care, and were thus negligent, by, *inter alia*, failing to monitor the performance of the vehicle, failing to adequately test the vehicle, failing to adequately design and test the brake system, and failing to adequately design and test the emergency brake system. [*Id.* at ¶ 6.02].

---

[1] Plaintiffs name Polaris Industries, Inc. as a Defendant twice, *see* [Doc. 31 at 1], but refer to Polaris Industries, Inc. as two separate entities. *See* [*id.* at ¶¶ 2.07, 2.08 (referring to "Defendant Polaris Industries, Inc.[] ('Polaris Industries')" and "Defendant Polaris Industries, Inc. ('Polaris of Delaware')")]. Plaintiffs do not explain the distinction between these two entities.

Plaintiffs initiated this civil action on December 30, 2020 against Defendants in the United States District Court for the Western District of Texas. [Doc. 1]. Defendants then filed a Motion to Dismiss for Improper Venue or Transfer to the District of Colorado (the "Motion to Transfer"), which was asserted under Rule 12(b)(3). [Doc. 7]. The United States Magistrate Judge assigned to the case recommended that the Motion to Transfer be granted and that this case be either dismissed without prejudice or transferred to this District. [Doc. 16 at 11]. Before the Recommendation was ruled on by the presiding District Judge, on July 20, 2021, Plaintiffs filed "Plaintiffs' Agreed Motion to Transfer Venue to the District of Colorado," representing that the Parties had "[a]greed that venue is proper in the District of Colorado and the case should be transferred there." [Doc. 18 at 2]. The case was transferred to this District on July 29, 2021. [Doc. 20].

After the case was transferred, the Parties filed a "Joint Motion for Leave for Plaintiffs to Amend their Original Complaint," wherein the Parties stated that they agreed that "Plaintiffs should be permitted to amend their [C]omplaint to state their claims under Colorado law, if they so choose." [Doc. 28 at 1]. The Honorable Michael E. Hegarty granted the Motion to Amend, [Doc. 30], and on August 27, 2021, Plaintiffs filed their Amended Complaint. [Doc. 31].

Plaintiffs do not plainly set forth the specific causes of action asserted against Defendants; instead, they assert "Strict Liability Claims Against Defendants" and "Negligence Claims Against Defendants." [*Id.* at 5, 7]. Defendants filed the Motion to Dismiss on September 10, 2021, arguing that Plaintiffs fail to "stat[e] any cognizable product defect claim under Colorado law." [Doc. 35 at 2]. Plaintiffs then responded to the Motion, arguing, *inter alia*, that the Motion should be denied pursuant to Rule 12(g)(2). [Doc. 37 at 10]. Defendants have since replied. [Doc. 41]. This case

was reassigned to this District Judge on August 4, 2022. [Doc. 60].[2]

## LEGAL STANDARDS

### I.     Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Plaintiffs may not rely on mere labels or conclusions in their pleadings, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (explaining that plausibility refers "to the scope of the allegations in a complaint," and that the allegations must be sufficient to nudge a plaintiff's claim(s) "across the line from conceivable to plausible.").

### II.    Rule 12(g)(2)

Rule 12(g)(2) prohibits a party from filing a second Rule 12 motion that raises "a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "Rule 12(g)(2) is designed to avoid unnecessary delay at the pleading stage by encouraging 'the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion.'" *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 702 (10th Cir. 2014) (quoting Charles

---

[2] On September 1, 2022, after a review of the Motion to Dismiss briefing, the Court noted that neither Party had raised any substantive argument supporting their choice-of-law contentions and ordered the Parties to file supplemental briefing substantively addressing the choice-of-law issue by September 15, 2022. [Doc. 63]. After the Parties were granted an extension of this deadline, Doc. 64; Doc. 65], the Parties have since filed that supplemental briefing. [Doc. 66; Doc. 67]. This supplemental briefing is not material to the Court's analysis on the Motion to Dismiss and is thus not considered by the Court in this Order.

Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1384 (3d ed. 2014)); *see also Speed RMG Partners, LLC v. Arctic Cat Sales Inc*, No. 20-cv-609 (NEB/LIB), 2021 WL 5087273, at *3 (D. Minn. Mar. 5, 2021) ("This bar [on successive Rule 12 motions] is intended to limit piecemeal consideration of a case.").

Two exceptions to this bar are set out in Rule 12(h). First, Rule 12(h)(2) "allows parties to raise certain defenses, including the failure to state a claim upon which relief may be granted, in any pleading allowed under Rule 7(a), by a motion for judgment on the pleadings under Rule 12(c), or at trial." *Albers*, 771 F.3d at 701; Fed. R. Civ. P. 12(h)(2). In addition, an argument attacking the Court's subject-matter jurisdiction may be raised at any time during the pendency of an action. Fed. R. Civ. P. 12(h)(3).

## ANALYSIS

In their Response to the Motion to Dismiss, Plaintiffs argue that Defendants' Motion should be denied pursuant to Rule 12(g)(2). [Doc. 37 at 10]. Plaintiffs maintain that Defendants' Rule 12(b)(6) defense was available to them when they filed the Motion to Transfer, and because Defendants failed to raise the defense at that time, they are barred from raising it in a successive Rule 12 motion. [*Id.*]. Defendants raise a few arguments in response. First, Defendants assert that their Motion to Dismiss is procedurally proper "because Plaintiffs amended their complaint following a transfer from an improper venue," and Defendants "may challenge the sufficiency of the new complaint." [Doc. 41 at 5]. In support, Defendants state that Plaintiffs' amendments to their operative pleading "were not inconsequential." [*Id.* at 6]. Furthermore, Defendants argue that "the Tenth Circuit instructs district courts to utilize their discretion in considering the [successive] motion under a [Rule] 12(c) analysis." [*Id.*]. Defendants argue that they should not have been required to "file an unnecessary motion" challenging the sufficiency of Plaintiffs'

5

allegations "in an improper venue, whose court had no reason to rule on the pleading challenge, or risk waiver" of the Rule 12(b)(6) argument. [*Id.*].

With respect to Defendants' argument that their Motion to Dismiss is proper because Plaintiffs filed an Amended Complaint, "[t]he filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1388 (3d ed. 2004). But, relevant here, the Rule 12(g)(2) bar "does not apply to material present in the [operative] complaint at the time of the second motion if it was not present when the defendant filed the initial Rule 12 motion." *Speed RMG Partners*, 2021 WL 5087273, at *3. Defendants suggest that the Motion to Dismiss is procedurally proper because Plaintiffs made "not inconsequential" amendments in the Amended Complaint. [Doc. 41 at 6]. They direct the Court to two amendments in Plaintiffs' amended pleading: (1) Plaintiffs' new allegation that Mr. Sanders was "attempting to descend a steep hill"[3] when the brakes malfunctioned and (2) the Amended Complaint's omission of any reference to a steering defect. [*Id.*]. Specifically, the original Complaint alleges:

> Everyone in the Ranger was belted, and all but Mr. Sanders were wearing a helmet. While attempting to navigate a slight curve in the roadway, the vehicle drifted to right and the passenger-side tires slid off the road. Mr. Sanders applied the brakes and attempted to steer the Ranger back onto the roadway. However, the brakes failed to engage and the steering system failed to direct the Ranger back on to the road. The Ranger completely left the roadway and rolled several times down the

---

[3] Defendants also posit that the Amended Complaint contains a material amendment in that it alleges that "Plaintiffs intentionally drove down" the hill. [Doc. 41 at 6]. Defendants cite no portion of the Amended Complaint containing this assertion, and the Court's independent review of the Amended Complaint revealed no such assertion. To be sure, Plaintiffs allege that Mr. Sanders "attempt[ed] to descend a steep hill," but this statement does not plainly amount to an allegation that Mr. Sanders "intentionally drove down" the hill. Indeed, the Court notes that this same language is included in the original Complaint, with respect to the "slight curve in the roadway." *See* [Doc. 1 at ¶ 3.03 ("While attempting to navigate a slight curve in the roadway, the vehicle drifted to right and the passenger-side tires slid off the road.").

>
> side of the hill, for approximately 200ft, and over an 18ft cliff before landing upright on County Road 2.

[Doc. 1 at ¶ 3.03].  The Amended Complaint amends this Paragraph as follows, with the new language highlighted by the Court:

> Everyone in the Ranger was belted, and all but Mr. Sanders were wearing a helmet. While attempting <u>to descend a steep hill, the Ranger's brakes malfunctioned. Towards the bottom of the hill, the road curved and on the other side of the curve was a ledge.</u>  After the brakes failed to engage, <u>the Ranger gained speed during the descent.  Mr. Sanders attempted to navigate the curve at the end of the hill, but was unsuccessful.</u>  The Ranger completely left the roadway and rolled several times down the side of the hill, for approximately 200ft, and over an 18ft cliff before landing upright on County Road 2.

[Doc. 31 at ¶ 4.03].

Aside from characterizing these amendments as "not inconsequential," Defendants do not meaningfully explain how these amendments are so material so as to revive their right to challenge the sufficiency of Plaintiffs' allegations under Rule 12(b)(6).  [Doc. 41 at 5-6].  To the extent Defendants suggest that these changes amount to "new material" of such significance that their current arguments could not have been raised in the Motion to Transfer, the Court is respectfully unpersuaded by this argument, as the Motion to Dismiss does not substantively rely on this new language.  More specifically, the Motion to Dismiss does not stand on these newly added facts, but instead challenges Plaintiffs' purported failure to sufficiently allege the elements of a products liability claim generally—namely, the purported product defect.  *See, e.g.*, [Doc. 35 at 4 ("Plaintiffs must do more than provide a litany of boilerplate allegations <u>as to what, if anything, was purportedly defective about the brake system</u> when Mr. Sanders intentionally drove the fully loaded Ranger down a 'steep hill.'" (footnote omitted)); *id.* at 5 ("Despite possessing the Ranger and having ample time to investigate before filing suit and then re-pleading their claims, Plaintiffs' [Amended Complaint] is silent as to <u>what, specifically, was defective in its design, manufacturing,</u>

or warnings. Instead, Plaintiffs' boilerplate list largely involves some unidentified defect in the design."); *id.* at 8 ("Despite their robust conclusions that the design must have been flawed, Plaintiffs must at a minimum provide some well-pleaded allegations <u>about the alleged defect in the design</u> that would plausibly satisfy the risk/utility test and prevent the injuries here.") (emphases added)]. Moreover, at the outset of their Motion, Defendants argue that "Plaintiffs' allegations are largely boilerplate in nature," using the Amended Complaint's Paragraphs 5.07, 6.01, and 6.02 as examples of such boilerplate allegations. [*Id.* at 2-3 (citing [Doc. 31 at ¶¶ 5.07, 6.01, 6.02])]. But Paragraphs 5.07 and 6.02 are almost identical to allegations contained in the original Complaint. *Compare* [Doc. 1 at ¶¶ 4.07, 4.09] *with* [Doc. 31 at ¶¶ 5.07, 6.02]. Simply put, while the amendments highlighted by Defendants may provide some additional factual context to the underlying incident, the Court is unpersuaded that Defendants could not have made their Rule 12(b)(6) argument when filing the Motion to Transfer.[4] *See E. Coast Test Prep LLC v. Allnurses.com, Inc.*, No. 15-3705 (JRT/JSM), 2016 WL 5109137, at *2 (D. Minn. Sept. 19, 2016) (concluding that a successive Rule 12(b) motion violated Rule 12(g)(2) where the "amendments [in the amended pleadings] were slight and were not related to the arguments . . . raise[d] in [the] second motion to dismiss"); *Gilbert v. USA Taekwondo, Inc.*, No. 18-cv-00981-CMA-MEH, 2020

---

[4] In arguing that their Motion was a procedurally proper response to the Amended Complaint, Defendants rely upon *Brokers' Choice of America, Inc. v. NBC Universal, Inc.*, 861 F.3d 1081 (10th Cir. 2017), wherein the Tenth Circuit concluded that the district court had "correctly considered" a second motion to dismiss after the plaintiff had "effectively amended its complaint," concluding that the "instant motion to dismiss was thus a permissible response to that amended complaint." *Id.* at 1102. *Brokers' Choice* is distinguishable from this matter. In that case, the plaintiff incorrectly argued that the defendant's argument had been waived because it was not included in the defendant's first motion to dismiss; the Tenth Circuit described this argument as "factually inaccurate," concluding that the argument *had* been asserted in the first motion to dismiss. *See id.* n.2. In other words, in *Broker's Choice*, there was no viable argument that an argument could have been raised, but was not raised, in the earlier Rule 12 motion. In contrast, here, Defendants plainly failed to raise any arguments under Rule 12(b)(6) in their Motion to Transfer. *See* [Doc. 7].

WL 2800748, at *4 (D. Colo. May 29, 2020) (finding a "technical violation of Rule 12(g)" where the essence of the plaintiffs' claims remained unchanged by amendment and where the defendants raised new arguments in a second motion to dismiss "based on allegations that were already available").

While Defendants suggest that including their Rule 12(b)(6) argument in their Motion to Transfer would have been inefficient, *see* [Doc. 41 at 6], respectfully, there is no efficiency exception to binding federal rules. Had Defendants raised their Rule 12(b)(6) argument in their Motion to Transfer, the Western District of Texas likely would have ruled on only the portion of the Motion seeking transfer, preserving the Rule 12(b)(6) arguments for the transferee court in this District and obviating the need for Defendants to file a second motion; this would have furthered the efficiency goals of Rule 12(g)(2). *Cf. Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 321 (3d Cir. 2015) ("Indeed, Bank of America easily could have included its statutory standing argument in the same motion as its collateral estoppel argument, which is the sort of consolidation that Rule 12(g)(2) is meant to encourage."). Accordingly, because the arguments made in the Motion to Dismiss could have been raised earlier and were not, Defendants are barred from raising them in a successive Rule 12(b) motion. *See* Fed. R. Civ. P. 12(g)(2).

Alternatively, Defendants argue that pursuant to Rule 12(h)(2), this Court has discretion to construe the Motion to Dismiss as a motion for judgment on the pleadings under Rule 12(c). [Doc. 37 at 6]. The Court respectfully disagrees. "Rule 12(c) permits motions for judgment on the pleadings, but only '[a]fter the pleadings are closed.'" *RocketPower, Inc. v. Strio Consulting, Inc.*, No. 19-cv-01928 (ECT/BRT), 2019 WL 5566548, at *4 (D. Minn. Oct. 29, 2019) (quoting Fed. R. Civ. P. 12(c)). The pleadings are considered "closed" when all defendants in a case have filed an answer. *See Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 993 F.3d 802, 809 n.3

(10th Cir. 2021), *cert. denied*, 142 S. Ct. 1228 (2022); *JRS Partners, GP v. Leech Tishman Fuscaldo & Lampl, LLC*, No. 3:19-cv-00469, 2022 WL 2793340, at *21 (M.D. Tenn. July 14, 2022) ("It is indisputable that the pleadings are not closed where no defendant has filed an answer.").

A number of district courts have concluded that the Rule 12(h)(2) exception does not apply—and thus, a court may not construe a Rule 12(b)(6) motion as a Rule 12(c) motion—where the pleadings are not closed. *See, e.g.*, *Route App, Inc. v. Heuberger*, No. 2:22-cv-291-TS-JCB, 2022 WL 4109686, at *4 (D. Utah Sept. 8, 2022) ("Here, [the defendant] has filed a second Rule 12(b) motion without filing an answer to [the complaint]. Therefore, it would be premature to construe the Rule 12(b)(6) motion under Rule 12(c) and procedurally improper to consider [the] second 12(b) motion."); *RocketPower*, 2019 WL 5566548, at *4 ("This exception [under Rule 12(h)(2)] does not apply because pleadings here have not yet closed—Strio has not answered."); *JRS Partners*, 2022 WL 2793340, at *21 ("[T]he pleadings in this matter are not 'closed' for purposes of Rule 12(c). Therefore the Court simply cannot treat Defendants' motions [under Rule 12(b)] as being brought under Rule 12(c), <u>even if so doing would foster efficiency</u>." (emphasis added)).

The Court agrees with this line of cases and concludes that it would be improper to construe Defendants' Motion as a motion for judgment on the pleadings under Rule 12(c). "Although it may seem formalistic, compliance with Rule 12 is mandatory, and a district court errs if it considers a second, successive Rule 12 motion, or construes it as a Rule 12(c) motion for judgment on the pleadings if the pleadings have not closed." *Speed RMG Partners*, 2021 WL 5087273, at *4 (citing *Leyse*, 804 F.3d at 321). Just last year, the Tenth Circuit opined that a Rule 12(c) motion would be "premature" if filed before the pleadings have closed. *Santa Fe All. for*

10

*Pub. Health & Safety*, 993 F.3d at 809 n.3.  When a premature Rule 12(c) motion is filed, a court may treat the motion as a motion to dismiss under Rule 12(b)(6).  *See Mayall v. Randall Firm, PLLC*, No. 1:13-cv-00166-TC, 2017 WL 3432033, at *3 (D. Utah Aug. 9, 2017) (collecting cases).  Construing Defendants' improper Rule 12(b)(6) motion as a premature Rule 12(c) motion—which would subsequently require construing the premature Rule 12(c) motion as a Rule 12(b)(6) motion—would render the confines of Rule 12(g)(2) meaningless.

Accordingly, the Court respectfully **DENIES** the Motion to Dismiss as improper under Rule 12(g)(2).  *See Route App, Inc.*, 2022 WL 4109686, at *4.  The Court emphasizes that Defendants' arguments raised in their Motion to Dismiss are not waived; while "a party who files a Rule 12 motion without raising a failure-to-state-a-claim defense gives up their opportunity to raise that defense prior to the closing of the pleadings," the party "retains the right to present the defense later . . . in a pleading, a Rule 12 motion for judgment on the pleadings, or at trial."  *E. Coast Test Prep*, 2016 WL 5109137, at *2.  The Court further notes that the December 2, 2022 dispositive motions deadline is soon approaching.  *See* [Doc. 53 at 1].  Defendants may raise their various arguments through a dispositive motion that comports with the contours of this Order.

## CONCLUSION

For the reasons stated herein, it is hereby **ORDERED** that:

(1)  Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint [Doc. 35] is **DENIED**.

DATED:  November 4, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge